IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELECTION SYSTEMS & SOFTWARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DALTON and DALTON CONSULTING, LLC,<br><br>Defendants. | Case No. 8:09-cv-00311-JFB-TDT<br><br>**ANSWER OF JAMES DALTON AND DALTON CONSULTING, LLC** |

Comes now defendants, James Dalton and Dalton Consulting, LLC (collectively "Defendants"), and for their Answers to the Complaint of Plaintiff Election Systems & Software, Inc. ("ES&S"), admit, deny, and allege as follows:

1. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 1 of the Complaint and, therefore, deny the same.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 3 of the Complaint and, therefore, deny the same.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

### Jurisdiction and Venue

5. Defendants admit that jurisdiction in this Court is proper.

6. Defendants admit that venue in this judicial district is proper.

### Factual Allegations

7. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 7 of the Complaint and, therefore, deny the same.

- 2 -

8. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 8 of the Complaint and, therefore, deny the same.

9. Defendants admit the allegations within paragraph 9 of the Complaint.

10. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 10 of the Complaint and, therefore, deny the same.

11. Defendants admit that James Dalton entered into a "Nondisclosure and New Development Agreement" ("Nondisclosure Agreement") with ES&S. Defendants are without sufficient knowledge to admit or deny the remaining allegations of paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 12 of the Complaint and, therefore, deny the same.

13. Defendants admit the allegations within paragraph 13 of the Complaint.

14. With regard to the allegations in paragraph 14 pertaining only to Defendant James Dalton, Defendants admit that Exhibit "B" is a copy of the Nondisclosure Agreement that James Dalton executed. With regard to any allegations involving Mark Allison, Defendants are without sufficient knowledge to admit or deny the allegations and, therefore, deny the same. Defendants neither admit nor deny the balance of paragraph 14, as the Nondisclosure Agreement speaks for itself with regard to the parties' legal obligations and requirements.

15. With regard to the allegations in paragraph 15 pertaining only to Defendant James Dalton, Defendants admit that Exhibit "B" is a copy of the Nondisclosure Agreement that James Dalton executed. With regard to any allegations involving Mark Allison, Defendants are without sufficient knowledge to admit or deny the allegations and,

320378
- 2 -

- 3 -

therefore, deny the same. Defendants neither admit nor deny the balance of paragraph 15, as the Nondisclosure Agreement speaks for itself with regard to the parties' legal obligations and requirements.

16. Defendants admit the allegations within paragraph 16 of the Complaint.

17. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants admit that Dalton Consulting, LLC, was formed after James Dalton's employment relationship with the Plaintiff ended and that James Dalton is the President of Dalton Consulting, LLC. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19. With regard to the allegations pertaining to Defendant James Dalton and/or Dalton Consulting, LLC, Defendants deny the allegations in paragraph 19. With regard to allegations within paragraph 19 of the Complaint pertaining to Mark Allison, Defendants are without sufficient knowledge to admit or deny those allegations and, therefore, deny the same.

20. With regard to the allegations pertaining to Defendant James Dalton and/or Dalton Consulting, LLC, Defendants deny the allegations in paragraph 20. With regard to allegations within paragraph 20 of the Complaint pertaining to Mark Allison, Defendants are without sufficient knowledge to admit or deny those allegations and, therefore, deny the same.

21. With regard to when ES&S received the written solicitation described in paragraph 21, Defendants are without sufficient knowledge to admit or deny that allegation and, therefore deny the same. With regard to the document attached as Exhibit

- 4 -

"C" to the Plaintiff's Complaint, Defendants admit that it is a true and correct copy of a proposal it submitted to Potter County, Texas. However, as to allegations pertaining to the contents of Exhibit "C," Defendants neither admit nor deny those allegations, as the document speaks for itself. Defendants affirmatively deny any allegation that either James Dalton or Dalton Consulting, LLC, own, control, or otherwise possess a copy of the Unity Software. Any remaining allegations in Paragraph 21 are also denied.

22. Defendants admit that Exhibit "D" attached to the Plaintiff's Complaint is a true and correct copy of a demand letter received by James Dalton in June 2009; however, as to allegations pertaining to the contents of Exhibit "D," Defendants neither admit nor deny those allegations, as the document speaks for itself.

23. Defendants admit the allegation in paragraph 23 of the Complaint.

## Causes of Action

### First Claim for Relief

24. Defendants incorporate their responses in paragraph 1 to 23, above.

25. Defendants are without sufficient knowledge to admit or deny the allegations within paragraph 24 and, therefore, deny the same.

26. Defendants admit the allegations within paragraph 26 of the Complaint.

27. Defendants deny the allegations within paragraph 27 of the Complaint.

28. Defendants deny the allegations within paragraph 28 of the Complaint.

### Second Claim for Relief

29. Defendants incorporate their responses in paragraph 1 to 28, above.

30. With regard to allegations pertaining to James Dalton, Defendants admit that while James Dalton was employed by ES&S, he was provided with access to ES&S' trade secrets. With regard to the remainder of the statements within paragraph 30 pertaining to James Dalton, they state legal conclusions to which a response is not required; however, to the extent that a response is required, the same are denied. With regard to any statements pertaining to Mr. Allison in paragraph 30, the Defendants are without sufficient knowledge to admit or deny and, therefore, deny the same.

31. With regard to the allegations pertaining to James Dalton in paragraph 31, the Defendants deny the same. With regard to any statements pertaining to Mr. Allison in paragraph 31, the Defendants are without sufficient knowledge to admit or deny and, therefore, deny the same.

32. Defendants deny the allegations within paragraph 32 of the Complaint.

33. Defendants deny the allegations within paragraph 33 of the Complaint.

34. Defendants deny the allegations within paragraph 34 of the Complaint.

35. Defendants deny the allegations within paragraph 35 of the Complaint.

### Third Claim for Relief

36. Defendants incorporate their responses in paragraph 1 to 35, above.

37. Defendants deny the allegations within paragraph 37 of the Complaint.

38. Defendants deny the allegations within paragraph 38 of the Complaint.

### Fourth Claim for Relief

39. Defendants incorporate their responses in paragraph 1 to 38, above.

40. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 40 of the Complaint and, therefore, deny the same.

41. Defendants deny the allegations within paragraph 41 of the Complaint.

42. Defendants deny the allegations within paragraph 42 of the Complaint.

43. Defendants deny the allegations within paragraph 43 of the Complaint.

44. Defendants deny the allegations within paragraph 44 of the Complaint.

**Fifth Claim for Relief**

45. Defendants incorporate their responses in paragraph 1 to 44, above.

46. Defendants admit the allegations within paragraph 46 of the Complaint.

47. Defendants deny the allegations within paragraph 47 of the Complaint.

48. Defendants deny the allegations within paragraph 48 of the Complaint.

49. Defendants deny the allegations within paragraph 49 of the Complaint.

**Sixth Claim for Relief**

50. Defendants incorporate their responses in paragraph 1 to 49, above.

51. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 51 of the Complaint and, therefore, deny the same.

52. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 52 of the Complaint and, therefore, deny the same.

53. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 53 of the Complaint and, therefore, deny the same.

54. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 54 of the Complaint and, therefore, deny the same.

**Affirmative Defenses**

55. Plaintiff fails to state a claim on which relief may be granted.

56. Plaintiff has failed to reasonably mitigate its damages, if any.

57. Plaintiff's claims are barred in whole or in part by the principles of estoppel and/or laches.

DATED: November 11, 2009.

JAMES DALTON AND DALTON CONSULTING, LLC, Defendants.

By: s/ Erin L. Ebeler
Terry C. Dougherty, No. 11064
Erin L. Ebeler, No. 23923
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-437-8500
Facsimile: 402-437-8558
tdougherty@woodsaitken.com
eebeler@woodsaitken.com

**CERTIFICATE OF SERVICE**

It is hereby certified that on November 11, 2009, the foregoing was filed with the Clerk of the court using the CM/ECF system and that notification will be electronically sent to the Plaintiff as follows:

Kristin M.V. Farwell          kristin.farwell@koleyjessen.com
Michael C. Cox                mike.cox@koleyjessen.com

s/ Erin L. Ebeler
Terry C. Dougherty, No. 11064
Erin L. Ebeler, No. 23923
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-437-8500
Facsimile: 402-437-8558
tdougherty@woodsaitken.com
eebeler@woodsaitken.com