IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELECTION SYSTEMS & SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES DALTON and DALTON CONSULTING, LLC, <br><br> Defendants. | Case No. 8:09-cv-311 <br><br><br> **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES** |

## I.  INTRODUCTION

Plaintiff Election Systems & Software, Inc. ("ES&S") submits this brief in support of its Motion to Compel Discovery Responses.  For the reasons set forth below, the Court should find Dalton Consulting, LLC's ("Dalton Consulting") objections to ES&S' Requests for Production to be without merit, as the Requests seek the discovery of information relevant to the subject of this lawsuit and the information requested is not protected from discovery on the basis of its alleged confidentiality.  The Court should grant ES&S' Motion to Compel and order Dalton Consulting to timely and fully respond to the Requests for Production.

## II.  CASE BACKGROUND

Defendant James Dalton was employed by ES&S from on or about February 17, 2000 until on or about January 15, 2008.  (Doc. No. 1, ¶ 9).  Pursuant to Mr. Dalton's employment with ES&S, Mr. Dalton entered into a Nondisclosure and New

Development Agreement ("Nondisclosure Agreement").  (Doc. No. 1, ¶ 11).  The Nondisclosure Agreement prohibits Mr. Dalton from disclosing or using any Confidential Information, as defined by the Nondisclosure Agreement, during or after his employment with ES&S.  (Doc. No. 1, ¶ 14).  The Nondisclosure Agreement defines Confidential Information to include information about ES&S' products, product lines, customers, prospective customers, vendors, suppliers, pricing, software, trade secrets, technical data, marketing strategies, research and development of new products, and know-how regarding the business of ES&S and it products and services.  (Doc. No. 1, ¶ 14).  The Nondisclosure Agreement also prohibits Mr. Dalton from copying or reproducing any ES&S data, documents, records or materials, either during or after his employment with ES&S.  (Doc. No. 1, ¶ 15).  Pursuant to the Nondisclosure Agreement, Mr. Dalton agreed to immediately return all Confidential Information to ES&S upon the termination of his employment with ES&S.  (Doc. No. 1, ¶ 15).

On or about January 23, 2008, days after Mr. Dalton's employment with ES&S ended, Mr. Dalton organized Dalton Consulting.  (Ex. D, p.2).  Dalton Consulting is an Indiana limited liability company that provides assistance to government election departments.  (Ex. D, p.1).  This assistance includes providing ballot layout and coding services.  (*Id.*).  According to the information provided on Dalton Consulting's website, www.daltonconsultingllc.com, Dalton Consulting provides annual hardware maintenance for all types of equipment, including ES&S products.  (Ex. A).  On its website, Dalton Consulting lists the software and hardware with which it is proficient and comfortable.  (Ex. A, p.2).  With the exception of the "II-C" hardware and Accuvote hardware, each piece of hardware and software listed is an ES&S' product. (Ex. A, p.2).

2

During the summer of 2009, ES&S learned that Mr. Dalton and Dalton Consulting were soliciting and performing work for ES&S customers, including ES&S customers in Michigan and Texas. (Doc. No. 1, ¶ 20). Based upon information learned by ES&S, ES&S believes that Mr. Dalton and Dalton Consulting are using ES&S' Confidential Information, including ES&S' Unity Election Management System Software ("Unity Software"), in order to solicit and work for ES&S' customers. (Doc. No. 1, ¶¶ 20-21). Specifically, ES&S has learned that Dalton Consulting, acting through Mr. Dalton, serviced election machines for the city of Wyoming, Michigan that were purchased from ES&S. (Doc. No. 1, Ex. D). As part of this service, Mr. Dalton brought with him to the city a CD to update the city's ES&S' Unity Software. (*Id.*). Any such CD would be Confidential Information as defined by the Nondisclosure Agreement. In addition, ES&S has been provided with a copy of an election services proposal Dalton Consulting distributed to Potter County, Texas. The full suite of ES&S' Unity Software is needed to complete the tasks listed on the Dalton Consulting proposal. (Doc. No. 1, ¶ 21). However, Potter County, Texas does not own the full suite of ES&S' Unity Software.

In July 2009, ES&S sent Mr. Dalton a cease and desist letter, demanding that Mr. Dalton immediately cease and desist from using or attempting to use ES&S' software, and requesting that Mr. Dalton return to ES&S all ES&S' property within his possession. (Doc. No. 1, ¶ 22). After receiving no reply from Mr. Dalton, ES&S filed this lawsuit against Mr. Dalton and Dalton Consulting on September 3, 2009. ES&S' claims against Mr. Dalton and Dalton Consulting include: (1) copyright infringement, (2) misappropriation of trade secrets and violation of Nebraska's Trade Secrets Act, (3) conversion, and (4) tortious interference with business relationships. (Doc. No. 1,

¶¶ 24-44). The Complaint also includes a breach of contract claim against Mr. Dalton based on the Nondisclosure Agreement. (Doc. No. 1, ¶¶ 45-49).

### III.  ES&S' REQUESTS FOR PRODUCTION AND DALTON CONSULTING'S OBJECTIONS

On February 26, 2010, ES&S served its first set of Requests for Production of Documents on Dalton Consulting. (Ex. B). On March 22, 2010, Dalton Consulting served its responses and objections to the first set of Requests for Production. (Ex. C). Dalton Consulting objected to responding to eight of ES&S' twelve Requests for Production. (*Id.*). ES&S disagreed with Dalton Consulting's objections, and sent Dalton Consulting a letter on April 6, 2010, asking Dalton Consulting to withdraw its objections. (Ex. E). In response, on April 16, 2010, Dalton Consulting sent ES&S a letter standing by its objections. (Ex. F). During a telephone conversation of June 24, 2010, counsel for Dalton Consulting continued to stand by Dalton Consulting's objections.

The following lists the Requests for Production that Dalton Consulting has refused to answer and Dalton Consulting's objections.

Request for Production No. 1

This Request asks Dalton Consulting to "provide a copy of all contracts and agreements entered into by Dalton Consulting, LLC or James Dalton related to the provision of election equipment and services, including but not necessarily limited to those contracts referred to on page three of Defendants' Rule 26(a)(1) Initial Disclosures." (Ex. B, p.1).

In response, Dalton Consulting objected, claiming that the Request is unduly burdensome and overly broad. "Further, this Request calls for information that is not reasonably calculated to lead to the discovery of documents or information relevant to

4

the subject matter involved in the action or to documents or information from which relevant and admissible information is reasonably calculated to be discovered. Specially, this request calls for information on contracts and agreements that are unrelated to ES&S or any ES&S-related product.  This request also calls for information relating to actual or potential Dalton customers that ES&S has not alleged a contractual relationship."  (Ex. C, p.1-2).[1]

Request for Production No. 2

This Request asks Dalton Consulting to "[p]rovide a copy of all offers and proposals written by Dalton Consulting, LLC or James Dalton related to Dalton Consulting, LLC's provision of election equipment and services."  (Ex. B, p.2).

In response, Dalton Consulting repeated the objection it made to Request for Production No. 1.  (Ex. C, p.2).

Request for Production No. 3

This Request asks Dalton Consulting to "[p]rovide a copy of all marketing, advertising,  promotional materials and selling aids distributed by James Dalton or Dalton Consulting, LLC related to Dalton Consulting, LLC's provision of election equipment and services."  (Ex. B, p.2).

In response, Dalton Consulting  repeated the objection it made to Request for Production No. 1.  (Ex. C, p.2-3).

---

[1] Since April 16, Mr. Dalton and Dalton Consulting have provided ES&S with copies of written agreements related to Dalton Consulting's provision of election equipment and services.  On April 20, ES&S issued defendants a second set of requests for production, asking for copies of the documents identified or referred to in defendants' Rule 26(a)(1) Initial Disclosures.  On May 10, defendants produced written agreements between Dalton Consulting and various counties for the provision of election related services.  Counsel for defendants has stated that these are all of defendants' written agreements related to the provision of election related services.  Based on this information, Request for Production No. 1 is not one of the discovery requests at issue in this Motion.

5

Request for Production No. 4

This Request asks Dalton Consulting to "[p]rovide a copy of all invoices, bills and statements issued by James Dalton or Dalton Consulting, LLC related to Dalton Consulting LLC's provision of election equipment and services." (Ex. B, p.2).

In response, Dalton Consulting repeated the objection it made to Request for Production No. 1. (Ex. C, p.3).

Request for Production No. 5

This Request asks Dalton Consulting to "[p]rovide a copy of all invoices, bills statements related to equipment and material purchases made by James Dalton or Dalton Consulting, LLC for use in Dalton Consulting, LLC's business operations." (Ex. B, p.2).

In response, Dalton Consulting repeated the objection it made to Request for Production No. 1. (Ex. C, p.3-4).

Request for Production No. 6

This Request asks Dalton Consulting to "[p]rovide a copy of all documents and electronically stored data related to employment opportunities or business partnership opportunities with James Dalton or Dalton Consulting, LLC." (Ex. B, p.2).

In response, Dalton Consulting repeated the objection it made to Request for Production No. 1. (Ex. C, p.4).

Request for Production No. 7

This Request asks Dalton Consulting to "[p]rovide a copy of all documents and electronically stored data identifying any employees, independent contractors or consultants hired by or relied upon by James Dalton or Dalton Consulting, LLC when

6

performing Dalton Consulting, LLC's business operations."  (Ex. B, p.3).

In response, Dalton Consulting repeated the objection it made to Request for Production No. 1.  Dalton Consulting also objected to this request on the basis that it "calls for documents that may contain confidential employee information that is unrelated to any of the matters raised by Plaintiff's Complaint."  (Ex. C, p.4-5).

Request for Production No. 8

This Request asks Dalton Consulting to "[p]rovide a copy of all documents and electronically stored data relating to Dalton Consulting, LLC's partnership with any other business entity."  (Ex. B, p.3).

In response, Dalton Consulting repeated the objection it made to Request for Production No. 1.  (Ex. C, p.5).

Dalton Consulting is refusing to respond to ES&S' Requests for Production set forth above because according to Dalton Consulting, the Requests are overbroad and seek confidential business information.  (Ex. F).  However, because the Requests for Production are reasonably calculated to lead to the discovery of admissible evidence, and Dalton Consulting's concerns over the disclosure of confidential business information does not allow Dalton Consulting to simply not produce responsive information, ES&S requests that the Court to grant its Motion to Compel and order Dalton Consulting to fully respond to the Requests for Production.

## **IV.  ARGUMENT**

The scope of discovery in civil lawsuits is broad.  Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery on any nonprivileged matter that is relevant to a party's claim or defense.  FED. R. CIV. P. 26(b)(1).  "Relevancy is to be broadly

construed for discovery issues and is not limited to the precise issues set out in the pleadings." *Aumann Auctions, Inc. v. Phillips*, Case No. 8:07CV431, 2008 WL 3893242, at *3 (D. Neb. Aug. 21, 2008). The U.S. Supreme Court has defined relevancy as encompassing any matter that could bear on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case. *Id.* citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This Court has stated that discovery requests will be considered relevant "if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Id.* citing *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D.D.C. 2005). "Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery." *Hohn v. BNSF Ry. Co.*, Case No. 8:05CV552, 2007 WL 2572440, at *3 (D. Neb. Sept. 4, 2007) (citations omitted).

**(A) ES&S' Requests for Production are not overly broad and are reasonably calculated to lead to the discovery of admissible evidence.**

The scope of discovery is broad in order to fulfill the purpose of discovery. "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Marook v. State Farm Mutual Ins. Co.*, 259 F.R.D. 388, 394 (N.D. Iowa 2009) (internal quotations omitted). In this case, ES&S' Requests for Production seek information that is essential to the proper litigation of all relevant facts. In light of this fact, it will be difficult for Dalton

8

Consulting to prove that the Requests for Production lack relevancy to this lawsuit. *See Martindale Corp. v. Heartland Inns of Am.*, *L.L.C.*, 259 F.R.D. 174, 179 (N.D. Iowa 2009) ("The party resisting production of requested information bears the burden of establishing lack of relevancy.").

The subject matter of this lawsuit is ES&S' belief that Dalton Consulting and Mr. Dalton are using ES&S' Confidential Information to solicit and work for ES&S' customers. Accordingly, the Requests for Production seek the production information bearing on whether Mr. Dalton and Dalton Consulting have used or are using ES&S' Confidential Information. *See Aumann Auctions*, 2008 WL 3893242 at *3 (discovery requests will be considered relevant if there is any possibility that the information sought has bearing on the subject matter of the case). The seven Requests for Production in question may be generally broken down in two categories. The first category includes Requests for Production two through four, and the second category includes Requests for Production five through eight.

Generally speaking, the first category of Requests for Production seeks information on ES&S' claims against Mr. Dalton and Dalton Consulting. The second Request for Production seeks copies of proposals related to Dalton Consulting's provision of election related services. (Ex. B, p.2). The third Request for Production seeks Dalton Consulting's marketing materials as they relate to Dalton Consulting's provision of election equipment and services. (*Id.*). The fourth Request seeks invoices, bills and statements issued by Dalton Consulting relating to Dalton Consulting's provision of election equipment and services. (*Id.*). By knowing and understanding what services Dalton Consulting has offered to provide and has provided to government

9

election departments, ES&S will gain information relating to whether Dalton Consulting has committed copyright infringement, misappropriated ES&S' trade secrets, violated applicable trade secret law, converted ES&S' property and tortiously interfered with ES&S' business relationships by using ES&S' Confidential Information to serve ES&S' customers. This information will also provide insight into whether Mr. Dalton has violated his Nondisclosure Agreement. Because Requests for Production two through four seek the discovery of information relevant to ES&S' claims in this case, the Requests for Production seek the discovery of relevant information. *See Aumann Auctions*, 2008 WL 3893242 at *3 (discovery requests will be found to seek the discovery of relevant information if there is any possibility that the information sought is relevant to any issue in the case).

Next, the second category of Requests for Production relate to the validity of Mr. Dalton and Dalton Consulting's defenses. The fifth Request for Production seeks copies of invoices, bills and statements related to equipment and material purchases made by Mr. Dalton or Dalton Consulting for use in Dalton Consulting's business operations. (Ex. B, p.2). Dalton Consulting and Mr. Dalton have denied being in possession of, or using, ES&S' Confidential Information. (Doc. No. 18, ¶ 21). If ES&S takes this denial to be true, the question arises as to how Dalton Consulting is performing the services it claims it can perform, and is performing, for ES&S' customers without the use of ES&S' Confidential Information. This Request seeks to answer that question, as it requests information relating to whether Mr. Dalton or Dalton Consulting have purchased any equipment or other materials that take the place of ES&S' Confidential Information. Similarly, Requests for Production six, seven and eight seek

information on the resources used by Dalton Consulting and Mr. Dalton to perform the services claimed without the use of ES&S' Confidential Information. (Ex. B, p.2-3). These Requests seek information relating to whether Dalton Consulting has hired any particular employees, or partnered with any other businesses, that enable Dalton Consulting to perform certain election services without the use of ES&S' Confidential Information. Furthermore, the information provided in response to these Requests may provide insight into whether any other individuals or businesses may be in possession of ES&S' Confidential Information, which may explain why Dalton Consulting is able to perform certain election services without being in possession of ES&S' Confidential Information itself. Because Requests for Production five through eight seek the discovery of information relevant to Dalton Consulting's defenses, the Requests for Production seek discovery of relevant information. *See Aumann Auctions*, 2008 WL 3893242 at *3.

One of Dalton Consulting's objections to the Requests for Production is that in order for Dalton Consulting to turn over any information, ES&S must specifically name each one of its customers that it is seeking information about, must specifically allege that it has a valid contractual relationship with that customer, and must allege that Dalton Consulting has specifically interfered with ES&S' relationship with that customer. (Ex. F). This places a burden on ES&S that is not found in the federal discovery rules. During the discovery process, ES&S is entitled to seek information relating to all customers that Dalton Consulting and Mr. Dalton are soliciting or performing election services for, not only the two customers named in ES&S' Complaint. *See Auman Auctions*, 2008 WL 3893242 at *3 (relevancy is not limited to the precise issues set forth

11

in the pleadings); *Brutyn, N.V. v. Anthony Gagliano, Co., Inc.*, Case No. 04-C-527, 2006 WL 3354529, at *2-3 (E.D. Wis. Nov. 17, 2006) (plaintiffs are not limited to seeking discovery on the transactions at issue in the complaint, but instead may use the discovery process to investigate whether any other transactions should be at issue in the suit). ES&S is able to use the discovery process in order to determine what other ES&S' customers Dalton Consulting may have solicited or serviced using ES&S' Confidential Information, as any similar instances would certainly be relevant to ES&S' claims against Dalton Consulting.

To the extent that Dalton Consulting is requiring ES&S to name each and every one of its customers that ES&S knows Dalton Consulting is interfering with in order to obtain information relating to that customer, Dalton Consulting's argument must fail. Presumably, if ES&S was in possession of such detailed information, then it would only be using the discovery process to confirm information already known to it. That is not the purpose of discovery. *See Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 358 n.11 (4th Cir. 2006) (King J., dissenting) (the purpose of discovery is not to confirm information already known to plaintiff). Instead, the purpose of discovery is to *provide* parties "with information essential to the proper litigation of all relevant facts." *Marook*, 259 F.R.D. at 394. Plaintiffs may use the discovery process to investigate facts, not merely confirm the facts already known by plaintiffs.

Another one of Dalton Consulting's objections to ES&S' Requests for Production is that the Requests are overly broad because they allegedly seek information unrelated to ES&S or any ES&S' product. (Ex. B). The Court should reject this objection. According to Dalton Consulting's website, almost all of the software and

hardware Dalton Consulting is proficient in servicing and maintaining is ES&S' hardware and software. (Ex. A). Thus, based on information made available by Dalton Consulting, almost all, if not all of Dalton Consulting's customers, are jurisdictions that have purchased ES&S' voting machines and equipment. More simply put, generally speaking, Dalton Consulting's customers and potential customers are ES&S' customers. Therefore, Dalton Consulting's contention that the Requests for Production seek information unrelated to ES&S and ES&S' products is unfounded, as based on information made publicly available by Dalton Consulting, Dalton Consulting's customer base is ES&S' customer base.

ES&S' Requests for Production are not overly broad and seek the discovery of admissible evidence. The subject of this lawsuit is whether Mr. Dalton and Dalton Consulting are disclosing, using, copying or removing ES&S' Confidential Information to solicit or perform work for ES&S' customers, and as a result, are liable for the claims set forth in the Complaint. The Requests for Production seek information regarding what services Dalton Consulting has offered to provide and has provided to ES&S customers, as well as information on the validity of Mr. Dalton and Dalton Consulting's defenses. Because the Requests for Production request information on matters at issue in the case, the Requests seek the production of information relevant to this lawsuit. *See Aumann Auctions, Inc.*, 2008 WL 3893442 at *3.

**(B) ES&S is willing to enter into a protective order to protect allegedly confidential business information.**

Dalton Consulting has objected to producing the information requested by ES&S on the basis that responding to the Requests for Production "will expose Dalton

13

Consulting's proprietary customer and prospect information to its primary competitor." (Ex. F, p.3). ES&S disputes the assertion that the information it has requested is confidential business information. Regardless, as described above, the information requested by ES&S is relevant to this dispute and therefore discoverable. *GP Industries, LLC v. Eran Industries, Inc.*, Case Nos. 8:06CV50, 8:06CV51, 2006 WL 3290306, at *4 (D. Neb. Nov. 13, 2006) citing *Federal Open Mkt. Comm. V. Merrill*, 443 U.S. 340, 362 (1979) ("Merely because documents may contain confidential information does not foreclose disclosure, confidentiality does not equate to privilege."). However, ES&S is willing to enter into a protective order pursuant to Fed. R. Civ. P. 26(c) before the Court even reaches a determination as to whether the information requested is confidential business information in order to protect allegedly confidential business information.

## CONCLUSION

ES&S' Requests for Production seek the production of information relevant to this lawsuit. The subject of this action is whether Dalton Consulting and Mr. Dalton have used or are using ES&S' Confidential Information in the course of Dalton Consulting's business, and are therefore liable for the claims set forth in ES&S' Complaint. The Requests for Production seek information relevant to ES&S' claims and Dalton Consulting's defenses. In addition, the Requests for Production are not overly broad, as Dalton Consulting's customer base is ES&S' customer base, and the Requests are therefore limited to seeking information related to ES&S' customers and products. ES&S requests that the Court grant its Motion to Compel Discovery Responses, and order Dalton Consulting to timely and fully respond to numbers two

14

through eight of ES&S' Requests for Production of Documents.

Dated this 29th day of June 2010.

          ELECTION SYSTEMS & SOFTWARE,
          INC., Plaintiff,

By:   */s/ Kristin M.V. Farwell*
     Michael C. Cox, #17588
     Kristin M.V. Farwell, #23919
     KOLEY JESSEN P.C., L.L.O.
     One Pacific Place, Suite 800
     1125 South 103rd Street
     Omaha, NE 68124-1079
     (402) 390 9500
     (402) 390 9005 (facsimile)
     Mike.Cox@koleyjessen.com
     Kristin.Farwell@koleyjessen.com

Attorneys for Plaintiff.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of June 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

Erin L. Ebeler
Terry C. Dougherty
Woods & Aitken LLP
301 S. 13th Street
Suite 500
Lincoln, NE 68508-2578
eebeler@woodsaitken.com
tdougherty@woodsaitken.com

          */s/ Kristin M.V. Farwell*
          Kristin M.V. Farwell

533269.1